IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR HAIRSTON,

   *Plaintiff,*

   v.

JUDGE STEPHANIE A. GALLAGHER, *et al.*,

   *Defendants.*

Civil No. 1:25-cv-02657-JRR

**MEMORANDUM AND ORDER**

Plaintiff Arthur Hairston, a self-represented litigant, initiated this action on August 11, 2025, with the filing of his complaint and a Motion for Leave to Proceed *In Forma Pauperis* (the "Motion"). (ECF No. 6.) Because Plaintiff appears indigent, the Motion (ECF No. 6) will be granted. For the reasons set forth below, however, Plaintiff's Amended Complaint (ECF No. 7) will be dismissed.

Plaintiff's Amended Complaint (the operative complaint in this action) asserts claims against Defendants Judge Stephanie A. Gallagher, U.S. Attorney Kelly O. Hayes, and Assistant U.S. Attorney Megan L. Micco in their official and individual capacities. (ECF No. 7.) With regard to Judge Gallagher, Plaintiff alleges that Judge Gallagher "violated her oath of office" by failing to "administer justice without respect to persons and do equal right to the poor and to the rich," "faithfully and impartially discharge and perform all the duties incumbent upon her under the Constitution and laws of the United States," and "protect [his] constitutionally protected rights." (ECF No. 7 at pp. 1–2.) As the bases of these claims, he cites 28 U.S.C. § 453, 28 U.S.C. § 1331, and 18 U.S.C. § 242.[1] *Id.* at pp. 2–3.

---

[1] While not the bases of his claims against Judge Gallagher, Plaintiff contends that by the aforementioned alleged violations, Judge Gallagher denied him his rights under 18 U.S.C. § 1035 and the False Claims Act, 31 U.S.C. § 3729. (ECF No. 7 at p. 4.)

With regard to Attorneys Hayes and Micco, Plaintiff similarly avers that they violated their oaths of office under 28 U.S.C. § 544, by "failing . . . to follow the [C]onstitution and laws[] of the United States," and by "not acting rightfully and impartially for the sake of [Plaintiff] as a citizen." (ECF No. 7 at p. 4.)  As the bases of these claims, he cites 28 U.S.C. § 544, "Article III," 18 U.S.C. § 1035, 31 U.S.C. § 3729, and 18 U.S.C. § 242.  *Id.* at pp. 4–5.

Plaintiff initiated this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits a litigant who is indigent to commence an action in this court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[2]  28 U.S.C. § 1915(e)(2)(B).  Further still, "[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."  *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

Although a complaint need not contain detailed allegations, the facts alleged must be sufficient to raise a right to relief above the speculative level; a complaint must be based on "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with

---

[2] This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

the allegations in the complaint. *Id.* at 561. Further, under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief, shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

FED. R. CIV. P. 8(a). Each "allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Even construed liberally, Plaintiff's Amended Complaint fails to state plausible claims for relief for a number of reasons, each of which independently warrants dismissal here. As an initial matter, Plaintiff's Amended Complaint is devoid of factual allegations, and instead relies entirely on conclusory assertions that Defendants violated his rights. As such, his pleading fails to provide a short and plain statement of his claims showing he is entitled to the relief sought. *See* FED. R. CIV. P. 8(a). Further, he has not alleged facts to state plausible claims. *See Twombly*, 550 U.S. at 555, *supra.* This failure is all the more critical where Plaintiff appears to allege fraud. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

Moreover, Plaintiff's Amended Complaint relies upon a number of statutes that do not offer a private right of action; and, as to the False Claims Act, the statute does not apply to benefit Plaintiff as he appears to contend. First, Plaintiff invokes 18 U.S.C. § 242 and 18 U.S.C. § 1035—criminal statutes that do not confer a private right of action. *See, e.g.*, *Burnett v. Edward A. Garmatz U.S. District Courthouse*, No. 25-1068, 2025 WL 1134564, at *3 (D. Md. Apr. 17, 2025)

(regarding 18 U.S.C. § 242); *Turner v. Beal*, No. 4:18CV100, 2018 WL 10156104, at *2 (E.D. Va. Oct. 12, 2018), *aff'd,* 748 F. App'x 565 (4th Cir. 2019) (regarding 18 U.S.C. § 242); *Ochar v. Rubenfield*, No. 1:24-CV-1001 (PTG/IDD), 2024 WL 5401832, at *1 (E.D. Va. Nov. 7, 2024), *aff'd as modified,* No. 25-1135, 2025 WL 1513618 (4th Cir. May 28, 2025) (regarding 18 U.S.C. § 1035).

Second, Plaintiff asserts claims that Defendants violated their oaths of office pursuant to 28 U.S.C. § 453 and 28 U.S.C. § 544, as to judges and U.S. and Assistant U.S. Attorneys, respectively. These statutes similarly do not create a private right of action. *See, e.g.*, *Wall v. D.C.*, No. CV 23-3342 (ABJ), 2025 WL 958233, at *6 (D.D.C. Mar. 31, 2025) (regarding 28 U.S.C. § 453 and citing cases); *Siler-El v. Duke Energy Corp.*, No. 1:22CV862, 2023 WL 3179327, at *2 (M.D.N.C. May 1, 2023) (regarding 28 U.S.C. § 453); *Kaetz v. Unknown US Marshals*, No. CV 21-62, 2021 WL 6808287, at *7 (W.D. Pa. June 7, 2021), *report and recommendation adopted sub nom.*, No. 2:21-CV-62-NR-PLD, 2022 WL 357215 (W.D. Pa. Feb. 7, 2022) (regarding 28 U.S.C. § 453 and 28 U.S.C. § 544).

Third, Plaintiff's reliance on 28 U.S.C. § 1331 and Article III of the U.S. Constitution is similarly not compelling. While these certainly deal with this court's jurisdiction, they do not, as asserted here, provide Plaintiff with a cause of action by which he can seek specific relief.

Finally, Plaintiff's claim under the False Claims Act, 31 U.S.C. § 3729, also fails to provide an avenue for relief for Plaintiff, because "[a] lay person may not bring a *qui tam* action[3] under the False Claims Act." *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007).

---

[3] "A private enforcement action under the [False Claims Act] is called a *qui tam* action, with the private party referred to as the 'relator.'" *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 932 (2009) (quoting *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 769 (2000)).

Even absent the court's analysis above, Plaintiff's claims against Judge Gallagher are barred by operation of judicial immunity. "As early as 1872, the [Supreme] Court recognized that it was 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Thus, a judge is generally immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). Judicial immunity "not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit." *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (citing *Mireles*, 502 U.S. at 11). "It applies even to judicial acts 'flawed by the commission of grave procedural errors,'" and to "actions 'alleged to have been done maliciously or corruptly.'" *Id.* (first quoting *Stump*, 435 U.S. at 359; then quoting *Bradley*, 80 U.S. at 351). Its application is limited to "judicial acts." *Id.* at 220, 223. "Whether an act is judicial 'relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge.'" *Id.* at 225 (quoting *Stump*, 435 U.S. at 362). Therefore, judicial immunity applies to claims pertaining to judicial acts, unless the judge has acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. 357 (citation omitted).

While the factual basis of Plaintiff's claims is unclear, it is plain that Plaintiff's claims against Judge Gallagher, which appear to arise from her consideration of jurisdiction in a matter before her, concern her judicial acts. Further, Plaintiff does not allege, and the court does not discern, any facts that would otherwise bar judicial immunity. Accordingly, Judge Gallagher is immune from suit by operation of judicial immunity.

Accordingly, for the reasons set forth above, it is this 26th day of August 2025,

**ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 6) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Plaintiff's Amended Complaint (ECF No. 7) shall be, and is hereby, **DISMISSED without prejudice**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case and furnish a copy of this order to Plaintiff.

/S/

_____
Julie R. Rubin
United States District Judge